# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| WILKEN PARTNERS, L.P., | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 11-cv-1005-EFM-KGG |
| CHAMPPS OPERATING CORP., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion to Compel Arbitration and supporting Memorandum. (Docs. 30, 31.) Plaintiff has not filed a response and the time to do so has expired. D. Kan. rule 6.1(d)(1). The motion is, therefore, uncontested pursuant to D. Kan. Rule 7.4. Even so, the Court has evaluated Defendant's motion on its substantive merits and **GRANTS** the motion.

## DISCUSSION

A federal magistrate judge may rule on non-dispositive matters. *See* 28 U.S.C. §636(b)(1)(A). The district courts that have considered the mature of an order to stay proceedings pending arbitration and to compel arbitration have concluded that these are non-dispositive orders. ***Torrance***

*v. Aames Funding Corp.*, 242 F.Supp.2d 862, 865 (D. Or. 2002); *Herko v. Metro. Life Ins. Co.*, 978 F.Supp. 141, 142 n.1 (W.D.N.Y. 1997); *see also Touton, SA v. M.V. Rizcun Trader*, 30 F.Supp.2d 508, 509 (E.D. Pa. 1998) (staying proceedings pending arbitration is not injunctive relief under 28 U.S.C. §636(b)(1)(A)). The Court therefore concludes that a motion to compel arbitration is non-dispositive.

The Franchise Agreement applicable to this case requires that the arbitration be held in accordance with the Federal Arbitration Act, Title 9 of the U.S. Code, and the Commercial Arbitration Rules of the American Arbitration Association. (Doc. 31-2, Franchise Agreement, ¶ 32.2.) It also states that judgment upon the award may be entered in any court of competent jurisdiction. (*Id.*, at ¶ 32.2A.) The Tenth Circuit has held that such language amounts to an implicit agreement that any eventual arbitration award shall be subject to judicial confirmation. *P&P Industries, Inc. v. Sutter Corp.*, 179 F.3d 861, 866-68 (10th Cir. 1999). Accordingly, because an Article III judge will ultimately be required to confirm, modify, or vacate any arbitration award, the order to stay proceedings and compel arbitration is non-dispositive and is within the magistrate judge's authority.

In deciding a motion to stay proceedings and a to compel arbitration, Defendant bears the initial burden of showing that it is entitled to arbitration. If it satisfies this requirement, the burden then shifts to Plaintiff to show a genuine issue for trial. Because Kansas considers the interpretation of unambiguous contract terms to be a question of law, ***Reimer v. Waldinger Corp.***, 265 Kan. 212, 214, 959 P.2d 914 (1998), a hearing will only be required if Plaintiff raises genuine issues of material fact regarding whether the parties agreed to arbitrate the claims Plaintiff raises in this suit. As stated above, Plaintiff has failed to do so.

The Franchise Agreement to arbitrate is in writing. There is nothing in the arbitration clause that would otherwise render it unenforceable. The disputes at issue fall within the scope of the arbitration provision. Federal policy favors arbitration and, therefore, any ambiguities regarding the scope of the agreement should be resolved in favor of arbitration. ***Williams v. Imhoff***, 203 F.3d 758, 764 (10th Cir. 2000). Moreover, disputes concerning "whether an arbitration clause in a concededly binding contract applies to a particular type of controversy is for the court" to decide. ***Howsam v. Dean Witter Reynolds, Inc.***, 537 U.S. 79, 83 (2002).

Finally, it is well within this Court's discretion to defer Defendant's

obligation to answer, in light of the stay and the Court's ruling that the matter be resolved by arbitration.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Arbitration, Stay Litigation Pending Arbitration, and Defer Defendant's Obligation to Answer (Doc. 30) is **GRANTED**, and all proceedings in this matter shall be **STAYED** pending arbitration of the claims presently asserted by Plaintiff.

**IT IS FURTHER ORDERED** that Wilken Partners L.P. shall initiate the mediation and arbitration procedure under ¶ 32.1 and ¶ 32.2 of the Franchise Agreement within 30 days.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to review, modify, or vacate any arbitration awards, should any party choose to seek such action as permitted by the Federal Arbitration Act, and shall retain jurisdiction to dismiss this lawsuit if Plaintiff fails to initiate mediation/arbitration within the 30 day time frame.

**IT IS FURTHER ORDERED** that Defendant's obligation to file an Answer is deferred until such time as either party requests removal of the deferral Order, and the Court considers such a request.

**IT IS FURTHER ORDERED** that the parties shall file a joint status

report, not less than once every six months (to begin six months from the date of this Order), regarding the progress of the arbitration.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, this 4th day of April, 2011.

 s/ Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge